Gordon *v.* Knapp, *et al.*

---

## WILLIAM W. GORDON, appellant *v.* KNAPP and POGUE, appellees.

### *Appeal from Morgan.*

The appointment of a constable *pro tem.* by a justice of the peace, to execute process, under § 51 of the "*Act concerning Justices of the Peace and Constables,*" must be made by endorsement upon the back of the process.    An appointment upon a separate piece of paper, is not a compliance with the act.

The statute specifies but two cases in which a justice of the peace is authorized to appoint a constable *pro tem.*  The one is to execute criminal process, where the accused is likely to escape; and the other is to execute civil process, where goods and chattels are about to be removed before an application can be made to a qualified constable.    In the latter case, as a pre-requisite to the power of appointment, it must be shown that goods and chattels are about to be removed.

A justice of the peace cannot appoint a constable *pro tem.* to serve a summons

Gordon *v.* Knapp, *et al.*

or other personal notice, in a civil suit. The statute refers to an execution or attachment.

*Semble,* That where a justice of the peace, or other inferior officer, acts in a case where he is not authorized to act, the proceedings are not only irregular, but void.

Wm. Thomas, for the appellant.

M. McConnell, for the appellee.

Wilson, Chief Justice, delivered the opinion of the Court:

This was a suit brought before a justice of the peace upon an open account. Judgment was rendered by default against the appellant, for $95, on the 6th of May, 1837, from which he appealed to the Circuit Court, and that Court dismissed the appeal for want of jurisdiction. From this decision an appeal was taken to this Court, and it is assigned for error, that the Court dismissed the appeal, and also that it did not reverse the judgment of the justice. Upon what view of the case the Court came to the conclusion that it had no jurisdiction, is left to conjecture, as no reason for such opinion is assigned. It is clear that the opinion of the Court upon this point, is not warranted by the facts in the case. The suit is for a debt claimed to be due upon an open account, not exceeding one hundred dollars, being one of a class of cases over which the statute expressly confers jurisdiction upon justices of the peace. The sufficiency of the next error assigned, which is the refusal of the Circuit Court to reverse the judgment of the justice, depends upon the legality of the manner in which the constable was appointed, and also upon the authority of the justice to appoint a constable in any manner in this case. It appears that the process was a summons, which was served by the constable *pro tem.* appointed by the justice, under authority of the " *Act concerning Justices of the Peace and Constables.*" This act authorizes a justice to appoint a constable *pro tem.* in a criminal case,(1) where there is a probability that a person charged with an indictable offence, will escape, and in a civil case, where goods and chattels are likely to be removed before application can be made to a qualified constable. It also provides that the appointment, in such cases, shall be made by a written endorsement on the back of the process under the seal of the justice. This endorsement may be regarded as the commission of the special constable, without which, his execution of the process entrusted to him, would be illegal and void. In this case, no endorsement deputing any one to act as constable, was made upon the process ; but the temporary appointment was made upon a separate and distinct paper. This, it would seem, was not a compliance with the statute. The object of the law in requiring the appointment to be upon the process, was probably to apprize those whose obedience it commands, of the authority

(1) R. L. 399, § 51; Gale's Stat. 412, § 51.

under which the officer acts. This is in accordance, too, with the general principle, which requires one acting under a special appointment, to show his authority.

The want of authority in the justice to appoint a constable to serve a summons, presents a stronger objection to the legality of the notice to the defendant below, than the mode of making it in this case. The statute specifies but two cases in which a justice is authorized to appoint a constable *pro tem.* The one is to execute criminal process, where the accused is likely to escape; and the other is to execute civil process, where goods and chattels are about to be removed before application can be made to a qualified constable; and in the latter case, as a pre-requisite to the power of appointment, it must be shown that goods and chattels are about to be removed. In the present case, it does not appear that any evidence of a probability of the removal of property, was adduced. It is also manifest from this provision, that the process contemplated by the statute, and which the justice is authorized to depute an individual to execute, is not a summons to the individual, or other personal notice; for that would not prevent the removal of property beyond the jurisdiction of the Court, but it is an execution or attachment against the personal property about to be removed, in order to secure to a creditor the means of satisfying his demand. And, as a justice is an officer of inferior and special powers, the existence of the causes which would justify him, in deputing an officer to execute process, should be shown; and the kind of process, and the mode of appointing the officer to execute it, should be in strict accordance with the statute, otherwise the appointment is void, and the service of the process a nullity. In this case, the constable was not appointed as the law requires, nor was the process such as he could be created to execute; and no cause having been shown, which could justify the appointment and the issuing of the process, the whole proceeding of the justice was irregular and void, and ought to have been reversed by the Circuit Court.

It is therefore ordered that the judgment of the Circuit Court be reversed with costs, and also that of the justice, for irregularity.

*Judgment reversed.*